know the Court's read the briefs and is familiar with the issues, so unless the panel has any questions, I would simply say that I believe the facts of law warrant reversal, and I'd like to reserve the remainder of my time. Let me ask a couple questions. You know, there were a number of respects in which the affidavit of your client didn't quite match up with the expert report. In other words, the expert report dealt with some issues that weren't included in his precipient recollection of his visits. How do we deal with those on summary judgment? Well, I suppose it would depend on which aspects of the expert report you're referring to. I know that the expert report said that all the barriers had been eliminated. I know that his precipient witness declaration said that they hadn't. Since it's involving precipient witness testimony, basically things that can be measured, slope, time, things of that nature, I think you have a triable issue of material fact. That needs to be sent to a jury. Okay. I think we have your argument at hand. Any questions, Judge Hall, Judge Noonan? You can reserve the time for rebuttal, and we'll hear from McDonald's. Thank you, Your Honor. Good morning. May it please the Court, I'm Katherine Manske here representing the appellee Tony M. Sanchez. Can I ask you a question, Your Honor? Which expert report were you referring to? I was talking about the plaintiff's expert report, yeah. Okay. That expert report was not before the Court on the motion for summary judgment. It was never authenticated, and it was never used in any of the undisputed statements of fact. Yeah, go ahead. Okay. The issue raised in the lower court. I was actually asking a slightly different question, but that's all right. Just how it conflicted with his own client's statements? I must say I was troubled by the district court's grant here, because he does make precipient declarations. And I gather that the district court said, well, you didn't measure, and therefore I'm entitled to throw out the declaration in its entirety. But, in fact, there are many of his observations that have nothing to do with measurement at all. So it seemed to be a fiercely sua sponte, and I realize the court did act sua sponte. That's not your responsibility. But ordinarily, it appears that there's some tribal issues of fact here, just based on that. I'm just giving you a reaction so that you can respond. I understand, and I'll go straight to the declaration. I think that there are serious issues of personal knowledge in the declaration itself. Mr. Wilson repeatedly said he encountered barriers. And he is telling the court and has argued to the court here today, without even making the argument to the district court, that because he encountered these barriers, he's entitled to have the court infer that he knew the measurements of these barriers, he knew the slope of the sidewalk, he knew the length of the parking stalls. But he never tells the court how he could come to the conclusion that the aisle was too narrow, the coat hook was at 66-and-a-half and not just at 60, or that the parking stalls were too narrow or too short. For instance, Your Honor --" But why does he need to do that? Well, because it shows --" In order to survive a summary judgment motion. Well, it shows foundation, for one thing, foundation for the opinions. So, for instance, Your Honor, I can encounter this table. That's different than me putting in a statement in my declaration where he's --" Okay. Let's just take an example. The stall door does not have a handle mounted below the lock. Now, that is something you can see, you can discern. It doesn't require any interpretation or measurement. Okay. Now, the question is, does that, if that's the only claim in the case, and that's a violation, so they say, of the ADA and others, why isn't that enough? Why isn't that enough as a declaration to get by the district court's objection to the declaration? Well, even if you were to take the declaration and take it and not make the objection to it based on personal knowledge, you still have the issue that the facts that the plaintiff presented to the district court doesn't even meet the burden for a prima facie case. That statement alone, that there is no handle below the slider on the door, in a vacuum doesn't say anything. This plaintiff never tied any of those opinions that this was wrong to any type of code section under the Americans with Disabilities Act accessibility guidelines, ADDAG, to show that the failure to have that hook in that bathroom is a violation of ADDAG. Right. But he's, you know, he's giving an affidavit as to facts. It's up to his lawyer to say, well, these facts, as presented in the affidavit, violate or the ADA in particular code section regulation. I understand that's a legal obligation, but he's not obligated, do you think, to say this violates the code in his declaration? Well, part of the case is to show that these findings are violative of the code and are architectural barriers. I grant you that. I grant you that completely. But you can't, it seems to me the district court can't fault a plaintiff for not saying this doesn't violate it, you didn't cite the code section, when he's not a lawyer. And that's not part of, that would be in a sense violating the other part of the district court's problem, which is you're not an expert witness. All you've got to do is say what, he's just reporting what he sees. And I grant you that, you know, maybe he didn't measure. We don't know if he measured or not some of these things. But some things he just observed. Well, I think you have to take the declaration as a whole. It was challenged. I raised the arguments in the lower court. I put plaintiff on notice that I had concerns about his declaration. And there was silence. It's as though the client or the plaintiff abandoned his case in the lower district court. It's concerning to me that if he had actual better information and better knowledge on how he gained the information from the restaurant, why did he not come forth and let the court know that? I believe in a vacuum, Your Honor. His declaration is suspicious for personal knowledge. And in the silence ---- Would you dispute the measurements? I think that there's quite a few disputed facts in his record, yes, and in his declaration. And ---- No. Do you dispute the measurements? Well, I would have to go through them one by one. I would ---- All right. Do you dispute all of the measurements, factually? Quite a few. I don't know if every single one of them I would dispute. But there are quite a few that are disputed, yes. And it just, you know, inferences. He makes these conclusory statements that this stall is too wide or too short. And those are conclusory statements. And he wants the court to draw the inference from that that there is something wrong with that stall or with that aisle or with that table. And conclusory statements are insufficient for a court to draw an inference. Right, because he's got a whole lot of very ---- I mean, on one hand, you attack it as not being specific, and then he's got the side grab bar is only 4-1⁄2 inches from the back wall, the center of the water closet is 21 inches from the wall, the toilet tissue dispenser is 47 inches from the back wall. I mean, he's got a lot of specific facts. And then to that you say, well, we don't know whether he measured it or not. I just find it, you know. Well, if you were talking about his expert report that was attached to the complaint, which I think is what you were talking about before, that expert report was, and I know that this information is not before the court, is not his work product. No, I gather it wasn't his work product, yes. So did he take the information from that expert report and use it in his declaration? Where is the information coming from for him to make these statements? But there's also another issue, that the failure to put on the prima facie case when he was on notice that summary judgment for defendant had been asked for. He failed to put on further evidence to show his prima facie case, to show that it's a violation. I know you were talking earlier about it's up to his attorney to show what ag-to-ag violations were at issue here. But that wasn't done. This was a represented plaintiff in this courthouse, and it wasn't done. And that was the time for them to put the evidence of the prima facie case on, and they failed to do so. Did you take his deposition? Refresh me. I'm sorry? Did you take his deposition? No, I didn't. So what discovery has been done? I did written discovery. So you submitted some interrogatories? Is that what you mean? I believe I did, yes. And has the discovery, had the discovery deadline passed when the court? Yes. And expert disclosure had passed as well. Okay. And I know of no reported case, Your Honor, in this district that has gone through trial on an ADA access claim that has not used expert testimony on one side or both sides. So I think that that led the court to conclude that since he did not have an expert, he was not designated as an expert, that there was no way that Mr. Wilson was going to prevail on putting forth a prima facie case. And when he was on notice, he appears to have simply abandoned his case, and now he wants you guys to resolve it and revive it and cure the defects in the lower court. There are a lot of these cases, and when the prima facie case is not put forth, I think that this court should uphold the lower court's ruling. Okay. Thank you for your argument. Excuse me. Let me ask a question. Counsel, Judge Hall has a question. Yes, Your Honor. Haven't all of these problems been fixed by your company? Yes. We are asserting they are, and we put in evidence of it. I'm sorry. I didn't hear that. You starting. I didn't hear your answer. Sorry. Oh, I was asked if the problems that have been asserted have been fixed, and, yes, they have, to the extent that there were problems that were there. Yeah. I can't understand why this case wasn't settled, though. Sorry. We just had a hawk hit the window. You handled that quite well. You know, you don't know this, but Judge Hall is an ornithologist as well, so she could identify the hawk, I'm sure, by the way it hit. It did. She's a world-class ornithologist. I would have just assumed it was some big, loud noise. She knew it was a hawk hitting. I can see it. I'm impressed you didn't jump, Your Honor. I would have jumped if a hawk had hit the window right next to me. So what's going on in this case? They claim they fixed everything. You say no. What's the status? Let's get to the real world here, if you don't mind. The real world is there are no experts in ADA law, and there's no experts in ADA compliance. Our firm, our law firm, is just about the closest thing to an expert there is. District judges like to see contractors and like to see architects, but we've come to the conclusion that, frankly, it's all statutory. It's all regulatory. All right. Let's get down to it, though, in this case. What are the remaining disputes in this case? Are there ñ and I don't want you to get a whole litany, but basically your opponent says she's fixed everything, and you say not. What's left in this case? I can identify in the record precisely. If I go to Ronald Wilson's declaration, if you look at ER 67 and go to ER 69, you'll find ñ Is this on my recent visits? Here's what's not been fixed? Yes. Okay. Now, that's in conflict with testimony or defendant's representations regarding Kim Blackseth, which you can find on ñ I reprinted in the opening brief on page 8, where they said the testimony of ADA consultant Kim Blackseth establishes that the barriers plaintiff alleges he encountered or had knowledge of at the time he filed this complaint do not currently exist. Well, is this case ñ it will not affect our decision, but we do have an excellent circuit mediator, and why don't you think that this case can't ñ why do you think there's settlements not possible in this case? Well, under federal rules of evidence, I really can't. And as a lawyer, I really shouldn't talk about it. Well, let me just say we've tried to settle it. I don't want to know about the settlement discussions. I'm just saying you apparently are of the belief this case can't be settled, right? No. Actually, I think that this case would be a good case to settle, and I would more than help. You would participate if we ñ we often ask counsel if they want to participate. And I assure you, unlike many courts, it doesn't affect our decision if you say no or yes. But on the other hand, when we sit here and see disputes that seem solvable to us, it's something that comes to mind. I would welcome an opportunity to participate in the circuits mediation program. So you didn't put on an expert declaration in this case. Why not? As I said before, most of the ADAG ñ if you look at Molsky v. Cables, a Ninth Circuit case, footnote five, they describe ADAG regulations, building code requirements for ADA cases as highly technical and mind-numbingly boring. They ñ Well, we've got a few cases, so we're familiar with that. They ñ No, they're difficult. They're often difficult cases because they do get down to details, but that's what we're here to do. So lawyers, not contractors, are the people responsible for deciding or arguing what those regulations require. Now, if that's true, then just having a client or a lay witness or a recipient witness or a monkey with a tape measure and a smart level going out, as long as they know what to measure, then they can give the lawyers what they need to argue the case. So did you prepare the material that was attached to the complaint? No, I did not. Although I did produce preliminary site reports as a younger man, I did not do that one. All right. Well, I think we have your argument in hand. Anything ñ any further questions for counsel? Judge Hall? Would the counsel for McDonald's be willing to participate in the ñ Mediation? Mediation. Yes. Okay. Well. What was her answer? Her answer is yes, they'd be willing in that there had been a prior mediation effort. All right. Well, we'll take your views under advisement as well as the case. We thank you both for your arguments. The case is here. It will be submitted for decision. We do have, as you've seen, a lot of students in the audience. We'll be taking a break of 15 minutes or so. I want to assure counsel we don't allow any questions about the cases when the students are here. But you're welcome to stay or not. The students left some questions for us. But we'll take a recess. We'll be back in about 15 minutes.
judges: Hall, Noonan, Thomas